STATE *ex rel.* HARDESTY *et al. v.* SPARKS *et al.*

(*Knoxville,* September Term, 1946.)

Opinion filed June 26, 1947.

Rehearing denied August 1, 1947.

J. Arthur Atchley and Hugh C. Simpson, both of Knoxville, for plaintiffs in error.

Reuben H. Nichols and W. P. O'Neil, both of Knoxville, for defendants in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This appeal is from the chancellor's action, sitting as circuit judge by interchange, in disallowing the application of defendants, Mrs. John T. Sparks and Wade Sparks and wife, for an order to require plaintiff, Joseph M. Hardesty, Sr., to comply with the *procedendo* from the Court of Appeals and an order dismissing the attachment for the body of Joseph M. Hardesty, Jr., and requiring plaintiff to place defendants in *status quo* pending trial of this case upon its merits.

Joseph M. Hardesty, Sr., filed a petition for writ of *habeas corpus* on December 19, 1944, in the circuit court of Knox County, seeking the custody of Joseph M. Hardesty, Jr., who was approximately two years of age at that time. Sergeant Hardesty, a resident of Oklahoma City, Oklahoma, was a soldier in the Regular Army and had been for seven years, having held the rating of sergeant a greater portion of that time. On August 27, 1942, after an acquaintance of a few days, he married Dortha Lee Sparks, a resident of Knoxville, Tennessee, in Rossville, Georgia. This young girl was pregnant at the time he met her. On December 2, 1942, she gave birth to a son in a hospital at Knoxville, who was named Joseph M. Hardesty, Jr. Sergeant Hardesty was not the natural father of the child and was aware of this fact at the time he married Dortha Lee Sparks. They lived together at various Army camps where Sergeant Hard-

esty was stationed until January 25, 1944, at which time Mrs. Hardesty died in the Army Hospital at Elgin Field, Florida, and he sent her body to Knoxville for burial. He reached Knoxville with the child a few hours after the body arrived and went directly to the home of defendant, Mrs. John T. Sparks, the maternal grandmother, where he and the child stayed for a few days.

Defendants, Mrs. John T. Sparks and Wade Sparks and wife, filed an answer to the petition, and the case was heard on oral testimony before the circuit judge. During the pendency of the *habeas corpus* proceedings Wade Sparks, an uncle of the child, and wife were permitted to file a petition to adopt the child. The petition for *habeas corpus* was dismissed and defendants Sparks and wife granted a decree of adoption.

Upon appeal, the Court of Appeals reversed and remanded the case, awarding the custody of the child to Sergeant Hardesty and suggesting that either he or his sister Olive Ruth Williams, and brother-in-law, Eddie Williams, file a petition for adoption. *Certiorari* was denied by this Court.

Thereafter the circuit court granted the writ of *habeas corpus*, the effect of which was to place the child in the custody of Sergeant Hardesty. Later, he filed a petition for adoption in the circuit court. Subsequently, it was discovered that the circuit court had no jurisdiction in such case to entertain adoption proceedings where the petitioner is a nonresident of the State. Thereupon the circuit judge issued an order on the *habeas corpus* proceedings awarding the custody of the child to Sergeant Hardesty, who placed the child in the custody of his sister and brother-in-law who live in Oklahoma City, whom it seems are well able to care for the child. Adoption proceedings have been instituted in the State of Okla-

homa by defendants Sparks and wife contesting the right of Mr. and Mrs. Williams to adopt the child in the Oklahoma courts.

Various charges are made against the character of both Sergeant Hardesty and defendants Sparks, but need not be considered here as they are immaterial in the determination of this case.

■ We are of opinion that the circuit judge was correct in holding that Sergeant Hardesty could not maintain the adoption petition because of lack of statutory jurisdiction. Our statutes pertaining to the adoption of children are contained in section 9561 *et seq.* of Williams' Code, said section reading as follows: ''The circuit, probate and county courts have concurrent jurisdiction to change names, to legitimate, and authorize the adoption of children, on the application of a resident of the county in which the application is made.''

In 1937, by Chapter 310 of the Public Acts, the Legislature enacted a statute, which is carried into the 1945 Supplement of Williams' Code as section 9572.1, dealing with a child placed for adoption through an orphan asylum or other agency.

As stated, it appears that Sergeant Hardesty is a non-resident of this State and is a resident of the State of Oklahoma, so that he does not come within section 9561 above quoted, nor does this case come within section 9572.1, which deals with a child placed for adoption through an orphan asylum or other agency.

■ The circuit court, we think, was correct in carrying out the *procedendo* of the Court of Appeals by awarding the child to Sergeant Hardesty, who went to Oklahoma and instituted adoption proceedings. He followed the suggestion of the Court of Appeals that either he or his sister and brother-in-law adopt the child, that Court

having held that the defendants Sparks and wife were unfit persons to have the custody of the child. The defendants Sparks and wife are contesting the adoption proceedings in Oklahoma.

The circuit court having substantially carried out the terms and provisions of the opinion of the Court of Appeals, there is nothing further to be done as the case is moot.

We find no error in the record and the judgment of the circuit court is affirmed.

All concur.